**Bernard E. NIEDERMEYER and Tessie S. Niedermeyer, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 74–3082.

United States Court of Appeals, Ninth Circuit.

April 30, 1976.

Rehearing and Rehearing En Banc Denied June 23, 1976.

Denton G. Burdick, Jr. (argued), of Hutchinson, Schwab, Burdick & Hilton, Portland, Or., for petitioners-appellants.

Gilbert E. Andrews, Jr., Chief, Appellate Section (argued), Dept. of Justice, Washington, D. C., for respondent-appellee.

OPINION

Before SMITH,* and HUFSTEDLER, Circuit Judges, and WOLLENBERG,** District Judge.

PER CURIAM:

The taxpayers, husband and wife, owned 22.58 percent of the common stock and 125 shares of the preferred stock of American Timber & Trading Co., Inc. ("AT&T"), a closely held corporation. Two of the taxpayers' sons owned 67.91 percent of the common stock of AT&T. Three other sons of the taxpayers owned 67 percent of the common stock of Lents Industries, Inc. ("Lents"), another closely held corporation. The taxpayers owned no shares in Lents. The taxpayers sold all of their AT&T common stock to Lents on September 8, 1966. On December 28, 1966, the taxpayers contributed all of their AT&T preferred stock to a tax exempt foundation.

Sustaining the Commissioner's assessment against the taxpayers of a $73,280.08 deficiency in federal income taxes for the calendar year 1966, the Tax Court held that (1) the taxpayers' sale of their AT&T common stock to Lents was a redemption through the use of a related corporation under section 304(a)(1) of the Internal Revenue Code of 1954 ("Code"), (2) the redemp-

* Honorable J. Joseph Smith, Senior Circuit Judge, Second Circuit, sitting by designation.

** Honorable Albert C. Wollenberg, Senior District Judge, Northern District of California, sitting by designation.

tion did not qualify for treatment as an exchange under either section 302(b)(1) or section 302(b)(3) of the Code, and (3) the proceeds were therefore to be treated as a distribution of property to which section 301 of the Code applied. *Niedermeyer v. Commissioner,* 62 T.C. 280 (1974).

We do not reach the question whether the "bad blood" exception to the attribution rules of section 318(a), stated in *Estate of Arthur H. Squier,* 35 T.C. 950 (1961), is valid. We agree with the Tax Court that the record does not support any finding that there was any bad blood between the taxpayers and their sons. The only evidence related to a quarrel among the brothers.

We adopt the reasoning of the Tax Court as our own.

Affirmed.